```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------X
CRAIG WILLIAMS,

                Petitioner,            MEMORANDUM AND ORDER
                                         91-CR-1219 (DRH)
        -against-

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------X
A P P E A R A N C E S:

For Petitioner:
    Craig Williams, Pro Se
    # 38561-053
    F.C.I. Butner - 2
    P.O. Box 1500
    Butner, NC 27509-1500

For the Government:
    Loretta E. Lynch
    United States Attorney
    Eastern District of New York
    100 Federal Plaza
    Central Islip, New York 11722
      By Carrie Capwell, A.U.S.A.
```

HURLEY, Senior District Judge

By petition filed April 25, 2012, Craig Williams ("petitioner" or "Williams") moves, pursuant to Fed. R. of Crim. P. 36,[1] to correct purported clerical errors in the May 11, 1994 judgment in the captioned case.[2]

---

[1] A copy of the judgment is attached as Ex. A to Williams's April 25, 2012 petition.

[2] Rule 36 provides: "Afer giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an

As listed on pages 1 and 2 of Williams's petition, "the following errors need correcting . . .

    1)    <u>Page 1</u>, Count 31: states petitioner was "ADJUDGED guilty" of 18 U.S.C. 1111 (A Murder Statue), Court records are clear, this is incorrect and should be removed from petitioner Judgment and Commitment Order. . . .

    2)    <u>Page 2</u>, Line for Social Security number, is missing petitioners Social Security number. Which is clearly indicated in the Court documents as. #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. Moreover, petitioners date of birth is also missing.

    3)    <u>Page 2</u>. The "A True Copy Attest" Seal and Signature from the Court Clerk(s), that usually follow the U.S. District Courts Judge Signature, is also missing. Which can allow the Judgment and Commitment Order to be questionable, and should be corrected to contain the U.S. Clerks Office Seal and Signature.

    4)    <u>Page 2</u>. Is also missing the "defendants Mailing Address" again which is clearly indicated in the Courts documents at the time of my arrest and sentencing.[3]

Fed. R. of Crim. P. 32(k), entitled "Judgment" provides:

> In the judgment of conviction, the Court must set forth the plea, the jury verdict or the Court's findings, the adjudication and the sentence. If the defendant is found not guilty or is otherwise entitled to be

---

error in the record arising from oversight, or omission."

[3] The above quoted excerpts are taken from Williams's petition absent editing.

> discharged, the Court must so order. The
> judge must sign the judgment and the clerk
> must enter it."

Rule 32(k) of Rules of Criminal Procedure.

Proceeding in reverse order, there is no requirement in Rule 32 that the defendant's mailing address is set forth in the judgment. Absent from defendant's submission is any authority from some other source requiring its inclusion, and I know of none. Accordingly request number 4 is denied.

With respect to request number 3, Rule 32(k) requires the sentencing judge to sign the judgment although that obligation doesn't carry through to all copies of that judgment. Reference to the original judgment indicates that I did sign the judgment as required. There is no requirement in a Rule 32 or elsewhere to my knowledge that the clerk's duty extends beyond "enter[ing]" the judgment.

Similarly there is nothing in Rule 32 or elsewhere to my knowledge that requires a judgment to include a defendant's social security number nor his date of birth. Therefore, the claimed deficiencies listed under request number two are found to be without merit.

With respect to the first claimed clerical error, I note that the judgment describes the offense of conviction as "ATTEMPTED MURDER," not murder. Nonetheless, identification of the penal sections said to be violated, to wit Sections 1111 and

1114, appears to be inaccurate *if* the crime of attempted murder in the early 90s had the same sectional designation as it does now. In other words, viewed as of today it appears that the "TITLE & SECTION" portion of the judgment, insofar that it pertains to Count 31, should read section 1113 (entitled "Attempt to commit murder or manslaughter") rather than section 1111 (entitled "Murder") given that Williams was convicted of attempted murder, not murder. However, it may be that the numbering of the relevant sections has changed over the years so that as of the time the judgment was entered the reference to section 1111 was appropriate.

I recognize that the first clerical error claimed by Williams does not affect the legitimacy or length of his sentence.[4] Given that the sentence imposed includes a period of incarceration of 1928 months, i.e. approximately 160 years, the practical result of correcting the clerical error referenced appears to be essentially nil. Nonetheless, if this adjustment will somehow benefit petitioner within the correctional facility, I feel it should be made.

In any event, the government has not been asked for its input concerning this application. Accordingly I am providing them with that opportunity now, coupled with a direction that

---

[4] As indicated by petitioner, he "does not seek to challenge his conviction or sentence" beyond the clerical error cited. Apr. 25, 2012 Pet. at 1.

they check the legislative history of the relevant portions of Chapter 51, entitled "HOMICIDE" to determine whether the judgment's reference to section 1111 rather than section 1113 was correct as of the time the judgment was entered.  If so, the judgment will stand.  If not, the requested modification will be made, barring some convincing contra argument being advanced by the respondent.

        SO ORDERED.

Dated: March 12, 2014
      Central Islip, New York

                                        _____
                                        DENIS R. HURLEY, U.S.D.J.